IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRANCE WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 07-215 |
| ) | |
| v. ) | Judge McVerry |
| ) | Magistrate Judge Caiazza |
| LT. A. ABEREGG, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Defendants' Motion to Dismiss or for Summary Judgment (Doc. 13) be granted.

### II. REPORT

This is a prisoner civil rights suit filed by Terrance Washington ("Washington" or "the Plaintiff") in which he asserts that he was in administrative custody for eight days without justification. Specifically, Washington alleges that a sixty day "disciplinary custody sanction" expired on January 1, 2007, but that he was not released from administrative custody until January 9, 2007, because there was insufficient bed space in general population (Doc. 1, ¶¶ 1-3). The Defendants have filed a Motion to Dismiss and/or for Summary Judgment (Doc. 13), and the Plaintiff has responded. (Docs. 16 and 17). The motion is ripe for disposition.

A.  **The Legal Standard**

Washington's burden in response to a well-pleaded motion for summary judgment is to present "specific facts showing that there is a *genuine issue for trial*" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)(internal citation omitted, emphasis in original).[1]

B.  **The Plaintiff's Claims**

The gravamen of Washington's lawsuit is that the applicable Department of Corrections regulations do not permit a prisoner to be held in administrative custody due to a lack of an available bed in general population.

First, Washington argues that he was denied due process by being kept in administrative custody from January 1, 2007, until January 9, 2007. He also claims that he has been denied equal protection of the laws, and that the conditions of confinement during this period constituted cruel and unusual punishment under the Eighth Amendment. Finally, he alleges state law tort claims

---

1. The Defendants framed their motion in the alternative, seeking both dismissal and summary judgment, and have attached exhibits (Doc. 13) consistent with a motion for summary judgment. Washington responded to the motion with a brief to which he has attached affidavits which reference Rule 56 (Doc. 16). He also filed a "Motion in Compliance to Fed. Rules of Evidence" (Doc. 17) to which he attached another exhibit. Hence, it is apparent that both parties are treating this as a motion for summary judgment and that the Defendant has both received notice of the motion and has taken the opportunity to present relevant evidence.

premised on these allegations.

1. <u>The Due Process Claim</u>

In order to state this claim, Washington must first set out facts which demonstrate that he had a protected liberty interest impaired by the Defendants' actions. <u>Hewitt v. Helms</u>, 459 U.S. 460 (1983); <u>Morrissey v. Brewer</u>, 408 U.S. 471 (1972). Once it determines that the interest asserted is protected by the Due Process Clause, the court must then determine what process is due. <u>Morrissey</u>, 408 U.S. at 481.

A brief period of administrative custody is not an "*atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.*" <u>Sandin v. Conner</u>, 515 U.S. 472, 483 (1995)(emphasis added). Hence, periods of administrative custody as long as fifteen months are insufficient to state a claim based upon the denial of a protected liberty interest. <u>See</u> <u>Griffin v. Vaughn</u>, 112 F.3d 703, 708 (3d Cir. 1997) (fifteen months in administrative custody "did not deprive [plaintiff] of a liberty interest"; <u>Smith v. Mensinger</u>, 293 F.3d 641, 652 (3d Cir. 2003) (seven months custody not atypical hardship). Clearly, the brief period Washington spent in administrative custody waiting for an available bed in general population is not a period of administrative custody which warrants due process protection in the prison context.

2. <u>The Equal Protection Claim</u>

The Equal Protection Clause of the Fourteenth Amendment "is essentially a direction that all persons similarly situated should be treated alike." <u>Cleburne v. Cleburne Living Center</u>, Inc., 473 U.S. 432, 439 (1985). In order to state an equal protection claim, a plaintiff must show that: (1) the complaining person, compared with others similarly situated, was selectively treated; (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion; and (3) the defendant was motivated by an intent to punish or inhibit the exercise of the constitutional rights of a complaining party, or by a malicious or bad faith intent to injure the complaining party. <u>Homan v. City of Reading</u>, 963 F. Supp. 485, 490 (E.D. Pa. 1997) (citing <u>Zahra v. Town of Southold</u>, 48 F.3d 974 (2d Cir. 1995)); <u>see also</u> <u>Government of the Virgin Islands v. Harrigan</u>, 791 F.2d 34 (3d Cir. 1986).

With respect to this action, there are no allegations claiming that race or any other relevant factor played a part in the Defendants' treatment of the Plaintiff. Furthermore, Washington has not presented evidence showing that any other similarly situated prisoner was treated differently. Summary judgment, therefore, is appropriate with respect to the Plaintiff's Equal Protection claim. <u>Hedrich v. Board of Regents</u>

of University of Wisconsin System, 274 F.3d 1174, 1183 (7th Cir. 2001).

### 3. The Eighth Amendment Claim

To state an Eighth Amendment claim, Washington must allege both that he has been denied "the minimal civilized measure of life's necessities" and that this was done while the Defendants had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Here, Washington alleges that he has been denied contact visits, telephone calls, normal exercise periods, and that he was held in solitary confinement twenty three hours each day (Doc.1, ¶12). He also asserts that he was denied adequate food while housed in administrative custody.

Initially, housing certain prisoners in isolation from other inmates and providing only limited exercise is not a condition of confinement which violates the Eighth Amendment. "[S]egregated confinement in solitary or maximum security is not per se banned by the Eighth Amendment." Clifton v. Robinson, 500 F.Supp. 30, 34 (E. D.Pa.1980)(citing Burns v. Swenson, 430 F.2d 771, 777 (8th Cir 1979)). Further, "'isolation from companionship, restriction on intellectual stimulation[,] and prolonged inactivity, inescapable accompaniments of segregated confinement, will not render [solitary] confinement unconstitutional absent other illegitimate deprivations.'" In re Long Term Administrative Segregation of Inmates Designated as Five Percenters, 174 F.3d

464, 472 (4th Cir. 1999)(quoting Sweet v. South Carolina Dept. of Corrections, 529 F.2d 854, 861 (4th Cir.1975))(en banc). Here, Washington has alleged only that he was, for a period of eight days, placed in segregated confinement. Absent an accompanying "illegitimate" deprivation of a constitutional right, he cannot state an Eighth Amendment claim.

The only allegation in the complaint which may fairly be seen as a "illegitimate" deprivation is Washington's allegation that he was denied adequate food. This specific claim, however, was not made by Washington in any administrative proceeding before the Pennsylvania Department of Corrections (Doc. 13, Ex. D). Hence, administrative remedies with respect to Washington's claim that he was denied sufficient food have not been exhausted, and the Court cannot consider this claim. Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006); Spruill v. Gillis, 372 F.3d 218 (3d Cir.2004).

4. The State Law Claims

The Defendants move for summary judgment with respect to the state law negligence and fraud claims raised against them on the basis that Pennsylvania law provides immunity from suit for officials and employees acting within the scope of their employment. 42 Pa. Cons. Stat. Ann. §§ 8501, 8522. "In order to overcome the defense of sovereign immunity under Section 8522 of the Judicial Code, 42 Pa. Cons. Stat. § 8522, [plaintiffs] must

meet two distinct requirements: (1) they must show that they possess a common law or statutory cause of action against a Commonwealth party; and (2) they must demonstrate that the cause of action falls within one of the exceptions to sovereign immunity contained in Section 8522(b)." Pennsylvania Turnpike Commission v. Nationwide Trucking Services, Inc., 319 F. Supp.2d 569, 579 (W.D.Pa. 2004)(internal citation omitted). These exceptions are limited in scope, and are to be strictly construed. White by Pearsall v. School Dist. of Phila., 553 Pa. 214, 718 A.2d 778, 779 (1998). The court has reviewed the exceptions, and can find none that are arguably applicable to the claims made in this case. Hence, the Defendants are entitled to summary judgment on these claims as well.

### III. **CONCLUSION**

For the reasons set out in this Report and Recommendation, it is respectfully recommended that the Motion for Summary Judgment filed by the Defendants be granted.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by August 17, 2007.

August 1, 2007

Francis X. Caiazza
United States Magistrate Judge

cc:
TERRANCE WASHINGTON
DN-3858
S.C.I. at Fayette
P.O. Box 9999
LaBelle, PA 15450